UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAMION LAFREDERICK PACE                                                    PETITIONER

V.                                                  CIVIL ACTION NO. 3:20-CV-287-DPJ-LGI

JOE ARRINGTON                                                               RESPONDENT

ORDER

This habeas petition is before the Court on the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac.  R&R [13].  Judge Isaac recommends denying Damion Pace's petition for habeas relief; Pace filed no objection.  On this record, the Court adopts the R&R and dismisses Pace's habeas petition with prejudice.

I.      Facts and Procedural History

The R&R tracks the Mississippi Supreme Court's statement of facts from its decision affirming Pace's 2011 conviction on direct appeal.[1]  R&R [13] at 1–8; *see* State Court Op. [7-1] at 5–7.  Those facts are incorporated by reference.  To sum up: Pace went with two other men to the home of Jessica Goodwin, where she was forced into their car at gunpoint while carrying her infant daughter.  The men demanded money and eventually raped Goodwin while she held her baby.  The victims were then let go.

Pace was charged on five counts: burglary, kidnapping Goodwin, kidnapping her daughter, raping Goodwin, and extorting money.  The jury found Pace guilty of extortion, kidnapping, and robbery (though he was charged with burglary not robbery).  And it acquitted him on the rape count.  Pace did not challenge the sufficiency of the evidence in a post-trial motion, but, on direct appeal, the Mississippi Supreme Court vacated and rendered on the

---

[1] *Pace v. State*, 242 So. 3d 107 (Miss. 2018).

robbery conviction because Pace was never charged with that offense. The appellate court otherwise affirmed, and Pace is now serving a 50-year sentence.

After his direct appeal, Pace moved for post-conviction relief saying that his indictment for kidnapping failed to include essential language from Mississippi's kidnapping statute. *See* Miss. Code Ann. § 97-3-53. The Mississippi Supreme Court rejected that argument in a February 2020 order holding that the indictment was sufficient. Order [7-2]. Two months later, Pace timely petitioned this Court for habeas relief on two grounds: insufficiency of the indictment and ineffective assistance of counsel. The Court directed the State to respond, and, after the State did so [7], Pace offered no rebuttal. The R&R recommending dismissal is now before the Court; Pace initially sought an extension of time to object but never filed anything after the Court granted his request.

II.     Standard

Under 28 U.S.C. § 636(b)(1), the Court must "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made." *Accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). But de novo review extends only to "those issues to which an objection is raised." *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991); *see also Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (observing that party who fails to file objections "is not entitled [to] de novo review") (citing *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988)). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note. Under these standards, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

III.     Discussion

In her R&R, Judge Isaac correctly finds that Pace failed to exhaust all but one of his claims in state court—his claim that the indictment insufficiently charged the kidnapping counts. R&R [13] at 9–11 (citing 28 U.S.C. § 2254(b)(1)). As to that claim, Judge Isaac concludes that habeas review is foreclosed because the Mississippi Supreme Court found that Pace's kidnapping indictment was sufficient. *Id.* at 13–14. She is again correct. Federal courts will not consider challenges to the sufficiency of a state-court indictment "when it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Even if this Court could consider Pace's only exhausted claim, it would not prevail. Pace says the kidnapping counts failed to include key language from Mississippi Code section 97-3-53. First, he says the kidnapping indictment related to Goodwin was insufficient because the state failed to allege that she was confined "against her will." Pet. [1] at 12. Second, he claims that the count charging him with kidnapping a "baby" failed to state that the victim was a "child under the age of 16." *Id.* Judge Isaac correctly concludes that even if this Court could consider those arguments after the Mississippi Supreme Court's ruling on them, the two disputed counts are sufficient because they "clearly describe[] the nature and cause of the charge[s] against the accused." R&R [13] at 15 (citing *Farris v. State*, 764 So. 2d 411, 421 (Miss. 2000)). The Court sees no clear error in that conclusion.

IV.  Conclusion

The Court has considered all arguments. Those not specifically addressed would not change the outcome. The Report and Recommendation [13] is adopted as the Court's opinion for the reasons stated above. Pace's petition for habeas relief is denied, and this case is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE